UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PATRICIA BORGOGNONE, et al.,

                      Plaintiffs,

        -against-                                  10 Civ. 0841 (LAK)

PATRICIA'S PIZZA AND PASTA II, INC., etc., et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        In its November 3, 2010 Order [DI 40], the Court granted in part and denied in part each of plaintiffs' motion to dismiss certain counterclaims [DI 26] and third-party defendant Calogero Borgognone's motion to dismiss the amended third-party complaint [DI 30]. The Court, however, ordered Giacomo and Gennaro Alaio, two defendants who are the third-party plaintiffs in this action, to show cause why their claim against Calogero for an accounting should not be dismissed for lack of subject matter jurisdiction. The Alaios and Calogero have submitted memoranda on this issue.

        Supplemental jurisdiction exists if the Alaios' accounting claim against Calogero is "part of the same case or controversy" as plaintiffs' federal trademark claim against defendants, 28 U.S.C. § 1367, or, put another way, if the two claims "'derive from a common nucleus of operative fact,'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991), *cert. denied*, 502 U.S. 1060 (1992)).

        The Court indisputably has jurisdiction over the Alaios' third-party claim against Calogero for contribution, which is premised upon the existence of an alleged partnership among the Alaios and Calogero. *See* Am. Third-Party Compl. [DI 25] ¶¶ 40-46. Furthermore, among their affirmative defenses and counterclaims, defendants argue that plaintiffs' trademark claim fails because plaintiffs procured the marks upon which they sue through their agent-cohort Calogero's breach of his fiduciary duty to that alleged partnership. *See, e.g.*, Answer [DI 24] ¶¶ 92-93, 171-78.

        In resolving the contribution claim and these defenses and counterclaims, the Court necessarily will decide, *inter alia*, whether the alleged partnership existed and whether Calogero breached his duties thereunder. These issues form the crux of the Alaios' claim for an accounting. *See Parnes v. Edelman*, 128 A.D.2d 596, 597, 512 N.Y.S.2d 856, 858 (2d Dep't 1987) ("[I]f one

2

partner has breached a fiduciary duty owed to his other partners, the offending partner may be held to account in an action in equity." (citations omitted)); *see also* N.Y. P'SHIP L. §§ 43, 44; 1 N.Y. JUR. 2D *Accounts and Accounting* § 38 (2010). Accordingly, "third-party plaintiffs 'would ordinarily be expected to try [all of these claims] in one judicial proceeding.'" *Abondolo v. Faraldi*, No. 00-7079, 2000 WL 1721132, at *3 (2d Cir. 2000) (Table) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). In these circumstances, the Court has supplemental jurisdiction over the accounting claim, *Abondolo*, 2000 WL 1721132, at *3, and in its discretion exercises such jurisdiction.

        SO ORDERED.

Dated:        December 6, 2010

_____<br>Lewis A. Kaplan<br>United States District Judge